**C. R. ANTHONY COMPANY, a Corporation, Plaintiff in Error,**

v.

**OKLAHOMA TAX COMMISSION, Defendant in Error.**

**No. 38517.**

Supreme Court of Oklahoma.

Dec. 22, 1959.

John H. Cantrell, Oklahoma City, for plaintiff in error.

E. J. Armstrong, Oklahoma City, for defendant in error.

BLACKBIRD, Justice.

The issue to be determined in this appeal arises in connection with determining the correct amount of the C. R. Anthony Company's income tax liability on its income for the fiscal year 1956. It is an Oklahoma corporation, in the business of owning and operating retail dry goods stores. Though its principal place of business and general office is in Oklahoma City, its income is derived from the operation of retail stores located in other states, as well as Oklahoma; and it is agreed that its tax should be computed as that of a "unitary business", within the meaning of that term as used in Title 68 O.S.1951 § 878(g).

The particular sum of money that accrued to the benefit of said Company, and over which this controversy arose, is $927,582.61, which is the total of the amounts said Company saved under invoice prices, by paying promptly, or within a short period, such as 30 days, for goods it purchased during that fiscal year for resale in all of its stores. These goods were paid for by checks issued and mailed at its general office in Oklahoma City, and the savings thereby obtained, are commonly referred to as "discounts for cash" or "cash purchase discounts", and the amount of said savings aggregated an average of 2.9% of the total invoice prices of the goods involved.

The C. R. Anthony Company, hereinafter referred to merely as the "Protestant", has never considered the whole amount of the above-described cash discounts as an immediate gain, income, profit or revenue attributable solely to its business in Oklahoma for the year or years in which the bills or invoices for the goods were paid, but has, instead, considered such savings as reductions in the costs of the goods or merchandise involved, to be used only in computing its net sales, and the net income therefrom in the State of the situs of the store or stores where the goods and/or merchandise were sold, and for the year in which they were sold. Accordingly, the Protestant did not show said $927,582.61 as an identifiable and separate item of Oklahoma income on its income tax return for the fiscal year 1956; and the Oklahoma Tax Commission, hereinafter referred to merely as the "Commission", after making a "field audit" of said return, and making its own computation of the Protestant's income for that year—with the $927,582.61 in cash discounts shown thereon as Oklahoma income for said year—then made an

assessment (on the basis of said computation) of additional income taxes due in the amount of $7,175.08, with interest of $1,251.26, or a total of $8,251.34.

The Protestant protested said assessment and requested a hearing by the Commission on the issue described. After submission of the case to it on an agreed statement of facts, and undisputed sworn statements of various witnesses as to accounting practices, the Commission entered its order denying the protest and upholding the additional assessment solely because of this court's opinion in Magnolia Petroleum Co. v. Oklahoma Tax Commission, 190 Okl. 172, 121 P.2d 1008. In its order, the Commission agreed with the Protestant's position that the "cash purchase discounts" involved did not constitute "immediate financial gain or finance items", and concluded, in substance, that on the basis of the undisputed evidence "correct accounting practice would require. * * *" sustaining the protest and directing a recomputation to determine whether the Protestant owed any additional tax for the period involved. However, the Commission also concluded that such a ruling would be contrary to this court's decision and opinion in Magnolia Petroleum Co. v. Oklahoma Tax Commission, 190 Okl. 172, 121 P.2d 1008, based on its view that the "tax problem" presented had there been decided adversely to Protestant's contentions and therefore was "not open to consideration by the Commission * * *".

In its present appeal from the above described order, Protestant contends, in substance, that, considering as correct our decision in the Magnolia case, supra, as applied to the facts of that case, said decision does not, and should not, apply here, both because the undisputed evidence and facts found in the appealed order are directly opposite to what they were in that case, and because the law governing the computation of a unitary business's tax has been materially changed since the period of time (the years 1935 and 1938) involved there. Protestant's latter reference is specifically to the difference in the position in

which the provision prescribing interpretation "* * * in accord with accepted accounting practices * * *" appeared in Section 8, H.B. 192, S.L.1935, p. 288, (Art. 6, Sec. 8(e) (3), and the position in which it appears in Title 68 O.S.1951 § 878(g) (2).

The Commission concludes its argument as follows:

"If this court determines that during * * * (the) * * * year involved in this case the cash or purchase discounts should properly be considered as reductions in the cost of merchandise and not as creating immediate gains or profits, then this would result in Oklahoma being allocated its fair and proportionate share of such discounts by their being reflected in the profits derived from (Protestant's) sales in Oklahoma of the merchandise on the purchase of which discounts were taken."

It is apparent that the Commission in its decision and contention here is based solely upon the decision of this court in the case of Magnolia Petroleum Co. v. Oklahoma Tax Commission, supra, decided in December, 1941, wherein we held cash discounts constituted immediate financial gains at the home office and said gains should be subject to taxation in the state of the home office. This case may be distinguished from the Magnolia case, supra, in that here the taxpayer treated the cash discounts as merchandise items, while in the Magnolia case, supra, the taxpayer had treated the cash discounts as a financial gain by entering the amount of discount in the general ledger as an immediate financial gain or profit in its Dallas, Texas, office and, when materials so purchased were delivered to the Oklahoma division, they were charged at invoiced price. At the time the Magnolia case, supra, was decided by this court our statutes provided that the subsection as to allocation of gross income should be interpreted in accordance with the accepted accounting practice in the trade or business, and the uncontradicted evidence in that case showed that cash discounts, as

those being considered, were treated by competent accountants as financial gains or income and not as reduction in cost of material.

Since our decision in the Magnolia case, our statutes have been amended, and according to the record herein the method of treatment as to cash discounts by accountants and the generally accepted accounting system has changed to where now these items are treated as merchandise items instead of immediate income. Therefore, we are of the opinion and hold that the Magnolia case, supra, is not in point as to facts with our present case, and therefore not controlling in the present case.

The order of the Tax Commission is therefore reversed and cause remanded with directions for Commission to rehear and redetermine the tax liability in accordance with the views expressed herein.

DAVISON, C. J., and WILLIAMS, V. C. J., and WELCH, HALLEY, JOHNSON, JACKSON and IRWIN, JJ., concur.